UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON
CASE NO. 5:12-CV-_____

| | |
|---|---|
| TOMMY PUCKETT, DONALD CHUMLEY, MICHAEL SWEENEY, Individually and for all others similarly situated, | ) ) ) ) ) **Complaint** |
| PLAINTIFFS | ) ) ) |
| vs. | ) ) |
| LEXINGTON-FAYETTE URBAN COUNTY GOVERNMENT, | ) ) ) |
| DEFENDANT | ) |

\* \* \* \* \*

Plaintiffs Tommy Puckett, Donald Chumley, and Michael Sweeney individually and on behalf of all other similarly situated retired police officers of the Lexington-Fayette Urban County Government (LFUCG) and similarly situated present police officers of the Lexington-Fayette Urban County Government (LFUCG) state as follows:

**I**

**Nature of the Action**

1.  This case arises from the broken promise of LFUCG to pay 100% of the health care insurance premiums for its retired police officers. The plaintiffs bring this action for declaratory, injunctive and monetary relief regarding health care benefits for police officers that have retired or will retire from employment with the LFUCG Division of Police. Plaintiffs possess

1

property and contractual rights in certain health care benefits that the defendant has deprived and/or violated contrary to the due process clause of the Fourteenth Amendment to the United States Constitution and the Contract Clause to the United States Constitution, as well as Kentucky law. They seek a declaratory judgment that defendant has violated their rights secured by the United States Constitution, injunctive relief preventing their continued violation and monetary relief restoring the financial losses these violations and deprivations have inflicted. Plaintiffs further seek costs, litigation expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## II

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it raises questions of federal law. The Court may properly exercise jurisdiction over Kentucky state law questions raised in this case pursuant to 28 U.S.C. § 1367 as there is a common nucleus of operative fact.

3. Venue is proper in this Court because the claims herein arose in Fayette County, Kentucky.

## III

### Parties

4. Plaintiff Tommy Puckett is a citizen of the United States of America and resides in Fayette County, Kentucky.

5. Plaintiff Donald Chumley is a citizen of the United States of America and resides in Fayette County, Kentucky.

6. Plaintiff Michael Sweeney is a citizen of the United States of America and resides in Fayette County, Kentucky.

7. Defendant Lexington-Fayette Urban County Government (LFUCG) is an urban county government organized pursuant to KRS Chapter 67A.

## IV

## Legal Background and Facts Giving Rise to the Lawsuit

**(1)  LFUCG Ordinances**

8. On or about July 8, 1999, the LFUCG Council enacted § 23-36.5 of the LFUCG Code of Ordinances regarding health insurance for members of the LFUCG Policemen's and Firefighters' Retirement Fund providing in part most pertinent hereto as follows:

> (a) All members of the Policemen's and Firefighters' Retirement Fund of the Lexington-Fayette Urban County Government, operated pursuant to KRS 67A.360, et seq., who retire on or after July 1, 1999 or who withdraw from service on a certificate pursuant to KRS 67A.410(2), shall be eligible to participate in a group health insurance plan (providing hospital and medical or health maintenance organization health care coverage) approved by the urban county council for such retirees (the "plan").

> (b) The urban county government shall provide, on behalf of all members of the Policemen's and Firefighters' Retirement Fund who retire on or after July 1, 1999 and who elect to participate in the group health insurance plan coverage provided pursuant to subsection (a) of this section, the following benefits:

3

(1) for the period from July 1, 1999 through June 30, 2000, a sum equal to fifty (50) percent of the urban county government's contribution to the health insurance component of the benefit pool for current urban county government employees (the "contribution"); and (2) for the period from July 1, 2000 through June 30, 2001 and thereafter, a sum equal to the single premium for the plan coverage selected by the retiree, but not more than one hundred (100) percent of the contribution. The benefits available under this subsection shall be made available to members who withdraw from service on a certificate when they attain the age of forty-six (46) years if they elect to participate in the group health insurance plan provided pursuant to subsection (a) of this section and continue such participation until attaining age forty-six (46).

9.  Subsequently, on or about August 19, 1999, the LFUCG Council enacted § 23-36.6 of the LFUCG Code of Ordinances regarding health insurance for members of the LFUCG Policemen's and Firefighters' Retirement Fund providing in part most pertinent hereto as follows:

(a) All members of the Policemen's and Firefighters' Retirement Fund of the Lexington-Fayette Urban County Government, operated pursuant to KRS 67A.360, et seq., who retired prior to July 1, 1999 or who withdrew from service on a certificate pursuant to KRS 67A.410(2), and who did not terminate their participation in the group health insurance plan provided by the urban county government before that date, shall continue to be eligible to participate in a group health insurance plan (providing hospital and medical or health maintenance organization health care coverage) approved by the urban county council for such retirees (the "plan").

(b) The urban county government shall provide, on behalf of all members of the Policemen's and Firefighters' Retirement Fund who retired prior to July 1, 1999 or who withdrew from service on a certificate pursuant to KRS 67A.410(2) and who were participants in the group health insurance plan coverage provided to urban county government employees and retirees immediately prior to July 1, 1999, the following benefits: (1) for the period from July 1, 1999 through June 30, 2000, a sum equal

4

> to fifty (50) percent of the urban county government's contribution to the health insurance component of the benefit pool for current urban county government employees (the "contribution"); and (2) for the period from July 1, 2000 through June 30, 2001 and thereafter, a sum equal to the single premium for the plan coverage selected by the retiree, but not more than one hundred (100) percent of the contribution. The benefits available under this subsection shall be made available to members who withdrew from service on a certificate when they attain the age of forty-six (46) years if, at the time they withdrew from service, they elected to participate in the group health insurance plan provided pursuant to subsection (a) of this section upon attaining age forty-six (46).

10. The ordinances provided for a phased-in contribution rate in which for the initial fiscal year, FY 2000, running from July 1, 1999, to June 30, 2000, LFUCG would contribute a sum equal to 50% of the health insurance premium cost for the participating retired police officer. Thereafter, the ordinances committed LFUCG to committing on behalf of the retired police officer "a sum equal to the single premium for the plan coverage selected by the retiree, but not more than one hundred (100) percent of the contribution." This promised that LFUCG would cover 100% of the health care insurance premium for such participating retired police officers.

**(2) KRS 67A.345**

11. In 2002, the Kentucky General Assembly codified the ordinance into state law in 2002 Ky. Acts. Ch. 274 sec. 8, the state law being KRS 67A.345 and providing, in pertinent part, as follows:

> (1) All members of the policemen's and firefighters' retirement fund of the urban county government, operated pursuant to KRS 67A.360 to 67A.690, and all members of the

urban-county government city employees pension fund who retired prior to July 1, 1999, and who did not terminate their participation in the groups health insurance plan provided by the urban-county government before that date, and all members who retire on or after July 1, 1999, or who withdrew from service on a certificate prior to September 18, 2002, shall continue to be eligible to participate, at the member's cost, in a group health insurance plan approved by the urban-county council for such retirees.

(2) The urban-county government shall provide, on behalf of all eligible members of the policemen's and firefighters' retirement fund and city employees pension, the following benefits:

(a) A sum equal to the single premium for the plan coverage selected by the retiree, but not more than one hundred percent (100%) of the urban-county government's contribution to the health insurance component of the benefit pool for current urban-county government employees;

**(3)     Factual Background**

12.     Beginning as of January 1, 2000, and continuing thereafter without interruption up to January 1, 2012, LFUCG contributed for each individual, participating retired police officer pursuant to the above-referenced ordinances and KRS 67A.345(1)(a) 100% of the amount of money necessary for payment of the retired police officer's health insurance premium. This was the same amount that LFUCG contributed toward payment of the health insurance premium for each of its active police officers.

13.     Plaintiff Tommy Puckett began serving as a police officer for the LFUCG Division of Police in December 1973; he retired effective January 4, 2009.

14. Following his retirement Puckett has continued and is continuing to participate in LFUCG's group health insurance program.

15. Donald Chumley served as a police officer and retired from the LFUCG Division of Police on March 4, 1974.

16. Chumley has participated since the earliest possible date in LFUCG's group health insurance program and is continuing to participate in that program.

17. Plaintiff Michael Sweeney is presently employed as a police officer for the LFUCG Division of Police and has served in that capacity since February 1983.

18. Sweeney, upon his retirement from the LFUCG Division of Police, intends to continue participation in its group health insurance program.

19. Effective January 1, 2012, LFUCG stopped contributing 100% of the money necessary to cover the premium for health care insurance for its retired police officers.

20. As a result of LFUCG's unilateral reduction in health care benefits for retired police officers, Puckett has incurred monthly the cost of $202.53 to cover the premium for his health insurance benefits.

21. As a result of LFUCG's unilateral reduction in health care benefits for retired police officers, Chumley has incurred monthly the cost of $202.53 to cover the premium for his health insurance premiums.

22. As a result of LFUCG's unilateral reduction in health care benefits for retired police officers, a real, live justiciable controversy has arisen and exists between Sweeney and LFUCG regarding the scope of health care insurance benefits that will be available to Sweeney upon his retirement from the LFUCG Division of Police.

23. At all times and by all actions pertinent hereto, LFUCG has acted as a person under color of law within the meaning of 42 U.S.C § 1983 and its actions of unilaterally and substantially reducing the health care benefits for its retired police officers quite obviously and manifestly represents its policies within the meaning of 42 U.S.C. § 1983.

**(4) Class Action Allegations**

24. Puckett files this action on behalf of himself and on behalf of a Class of persons who retired as police officers from the LFUCG Division of Police after July 1, 1999, and have since and are continuing to participate in LFUCG's group health insurance plan for retired police officers.

25. Chumley files this action on behalf of himself and on behalf of a Class of persons who retired as police officers from the LFUCG Division of Police prior to July 1, 1999, and have since and are continuing to participate in LFUCG's group health insurance plan for retired police officers.

26. Sweeney files this action on behalf of himself and on behalf of a Class of persons who are presently employed as police officers for the LFUCG Division of Police , and who have like Sweeney a real, live justiciable controversy with LFUCG regarding the scope of health care insurance

benefits that will be available to them upon their retirement from the LFUCG Division of Police.

27. The size of the proposed Class or subclasses are numerous and believed to exceed more than 100 persons.

28. Puckett, Chumley and Sweeney are adequate class representatives becuase they have been or are directly impacted by the above-described actions of LFUCG. The interests of Puckett, Chumley and Sweeney are not antagonistic to or inconflict with the interests of the other Class members or subclass members or with the Class as a whole.

29. Counsel for the Puckett, Chumley and Sweeney will provide adequate representation for them and for the proposed Class and subclasses.

30. Common questions of law and fact predominate among the Class members including at least the following: whether retired police officers have a property interest in having their health care insurance premium 100% covered; whether LFUCG unconstitutionally deprived retired police officers in this property interest; whether LFUCG violated the Class members' right to substantive due process by unilaterally reducing the health care insurance benefits for retired police officers; whether a contractual obligation exists between LFUCG and the retired police officers regarding the amount that LFUCG will cover the health care insurance premiums for them; whether LFUCG violated the class members' contractual rights by unilaterally reducing the health care insurance benefits for retired police officers.

31. The claims of Puckett, Chumley and Sweeney are typical of the claims of the proposes Class and subclasses.

32. Puckett, Chumley and Sweeney are similarly situated to all proposed Class members and subclasses because they have all been subject to the same policy and action by LFUCG that gives rise to this case.

V

**Causes of Action**

**Count 1 – Deprivation of Property Interest Without Due Process of Law**

33. Plaintiffs repeat and incorporate by reference each allegation set forth above as if fully set forth herein.

34. A property interest protected by the due process clause of the Fourteenth Amendment to the United States Constitution arises from many sources including ordinances, statutes, rules, custom, practice, and mutual understandings.

35. Plaintiffs have a property interest protected by the due process clause of the Fourteenth Amendment to the United States Constitution arising from and established by, among other things, the following: LFUCG ordinances, state statute, communications from LFUCG officials and represenatives that LFUCG would cover 100% of the health care insurance premiums of its retired police officers who were participants in the LFUCG group health plan and established custom and practice that extended for more than a decade.

36. When a plaintiff has a protected property interest, a pre-deprivation hearing of some sort is generally required to satisfy the dictates of due process. *Leary v. Daeschner,* 228 F.3d 729, 742 (6th Cir. 2000).

37. Plaintiffs were not afforded any predeprivation hearing regarding their rights to retiree health care benefits.

38. Because plaintiffs had a protected property interst in their retiree health care benefits and because LFUCG did not afford them a predeprivation hearing, LFUCG has deprived plaintiffs of a protected property interest without due process of law and violated the rights secured plaintiffs by the due process clause of the Fourteenth Amendment to the United States Constitution.

39. As a direct and proximate result of LFUCG's violation of their constitutional rights, plaintiffs have suffered monetary damages.

**Count 2 – Substantive Due Process**

40. Plaintiffs repeat and incorporate by reference each allegation set forth above as if fully set forth herein.

41. A violation of substantive due process rights is established by showing either the "denial of a right, privilege or immunity secured by the Constitution" or an offical act which "shocks the conscience" of the Court. *Mertik v. Blalock,* 983 F.2d 1353, 1367-1368 (6th Cir. 1993).

42. Plaintiffs acquired their property interest in retiree health care benefits by virtue of decades of loyal, dedicated and at times life-threatening service to LFUCG and the citizens of and visitors to Fayette County. As

11

Councilman Bill Farmer was quoted in the *Lexington Herald-Leader* edition of August 20, 1999, the police retiree health care benefits were in consideration for the "many times as each of you put yourselves on the line and at risk for us[.]"

43.   The deprivation of plaintiffs' protected property interest causes more than the loss of health insurance premium reimbursement: it also inflicts the social stigma of having LFUCG diminish the value of their public service, reduce the amount of their pension available and the loss of economic autonomy that their public careers were expected to provide.

44.   Because plaintiffs had a protected property interest in their retiree health care benefits of which LFUCG has unilaterally and wrongfull deprived thereby inflicting substantial injuries to plaintiffs' constitutional rights and other injuries and damages, LFUCG has deprived plaintiffs of their substantive due process rights secured plaintiffs by the due process clause of the Fourteenth Amendment to the United States Constitution.

45.   As a direct and proximate result of LFUCG's violation of their substantive due process constitutional rights, plaintiffs have suffered monetary damages.

**Count 3 – Impairment of Plaintiffs' Contract Rights**

46.   Plaintiffs repeat and incorporate by reference each allegation set forth above as if fully set forth herein.

47.   Plaintiffs right and entitlement to retiree health care benefits, as enshrined by LFUCG ordinance, state statute, understandings between

12

LFUCG and plaintiffs and extended recognition of that understanding for more than a decade is a contractual relationship between plaintiffs and LFUCG.

48. The unilateral reduction of the police retiree health care benefits by LFUCG is a breach of its promise to pay for a certain level of benefits and is a substantial impairment to the contractual relationship between plaintiffs and LFUCG.

49. Because the unilateral reduction of police health care benefits by LFUCG is a breach of its promise to pay for a certain level of benefits and is a substantial impairment to the constitutional relationship between plaintiffs and LFUCG, LFUCG has deprived plaintiffs of their constitutional rights as secured them by the Contract Clause to the United States Constitution, U.S. Const. Art. I, § 10, Cl. 1.

50. As a direct and proximate result of LFUCG's violation of their constitutional rights, plaintiffs have suffered monetary damages.

## VI

### Demand for Relief

WHEREFORE, plaintiffs Tommy Puckett, Donald Chumley and Mike Sweeney individually and for all others similarly situated demand judgment herein as follows:

(1) That a judgment be entered declaring that LFUCG has violated plaintiffs' constitutional rights by the unilateral reduction in police retiree health care benefits effective January 1, 2012;

(2) That a judgment be entered enjoining LFUCG from continued violation of plaintiffs' constitutional rights inflicted by the unilateral reduction in police retiree health care benefits imposed by LFUCG effective January 1, 2012;

(3) That a judgment be entered awarding plaintiffs compensatory damages sufficient to make them financially whole for the injuries suffered as a result of LFUCG's deprivation of their constitutional rights;

(4) That the Court certify this case as a class action pursuant to Fed.R.Civ.Pro. 23 described to include as follows: all persons who have retired or intend to retire as police officers from the LFUCG Division of Police, who have and continue to participate in LFUCG's group health plan and who have suffered a deprivation of their constitutional rights in police retiree health care benefits as a result of the unilateral reduction in police retiree health care benefits imposed by LFUCG effective January 1, 2012;

(5) That a judgment be entered awarding plaintiffs their reasonable attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C § 1988 and Fed. R. Civ. Pro. 54; and,

(6) That plaintiffs be granted such other further relief as they are entitled.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. Pro. 38, plaintiffs demand trial by jury of all issues herein so triable.

                                              Respectfully submitted,

                                              /s/ Robert L. Abell
                                              120 North Upper Street
                                              Lexington, KY 40507
                                              859.254.7076
                                              859.281.6541 **fax**
                                              Robert@RobertAbellLaw.com
                                              COUNSEL FOR PLAINTIFFS

## VERIFICATION

I hereby verify and attest that I have read the foregoing Complaint and state that its factual allegations are true and correct to the best of my belief and knowledge.

_____
Tommy Puckett

COMMONWEALTH OF KENTUCKY )
                                                      )
COUNTY OF FAYETTE                  )

Subscribed and sworn to before me by Tommy Puckett this 4th day of September 2012.

My Commission Expires: 1/31/16

_____
Notary Public, State-at-Large

## VERIFICATION

I hereby verify and attest that I have read the foregoing Complaint and state that its factual allegations are true and correct to the best of my belief and knowledge.

*Donald R. Chumley* (signature)
Donald Chumley

COMMONWEALTH OF KENTUCKY )
                          )
COUNTY OF FAYETTE         )

Subscribed and sworn to before me by Donald Chumley this 4 day of September 2012.

My Commission Expires: 1/31/10

_____
Notary Public, State-at-Large

## VERIFICATION

I hereby verify and attest that I have read the foregoing Complaint and state that its factual allegations are true and correct to the best of my belief and knowledge.

_____
Michael Sweeney

COMMONWEALTH OF KENTUCKY )
                         )
COUNTY OF FAYETTE        )

Subscribed and sworn to before me by Michael Sweeney this 4th day of September 2012.

My Commission Expires: 1/31/16

_____
Notary Public, State-at-Large